## TWO INJURIES TO THE SAME PLAINTIFF CHARGED AGAINST THE SAME DEFENDANT.

Common Pleas Court of Hamilton County.

WILLIAM STIGLER, AN INFANT, BY SHERMAN C. STIGLER, HIS NEXT FRIEND, v. THE PHILIP CAREY MANUFACTURING COMPANY.

Decided, January 4, 1913.

*Joinder of Actions—Where the Same Employe Was Injured in Two Different Accidents While in the Same Employ.*

Causes of action are improperly joined, where an employe seeks to recover on account of two distinct injuries, occurring at different times, and in different apparatus, and for which damages are asked in different amounts.

*S. O. Bayless, for plaintiff.*
*DeCamp & Sutphin, contra.*

O'CONNELL, J.

The plaintiff brings suit for injuries alleged to have been received while in the employ of the defendant. One injury was received on June 24th, 1912; the other, on August 5th, 1912.

In the petition the incidents relative to the first injury are made the first cause of action; those incident to the other injury are made the second cause of action.

The accidents are in no manner whatever connected with each other or with the same apparatus. For one injury $1,000 damages are asked. For the other injury $5,000 damages are asked.

The defendant demurs on the ground that several causes of action are improperly joined.

These causes must of necessity be submitted to a jury. It would be manifestly unjust to the defendant to compel it to submit two such causes of action to the same jury at one hearing. It might develop at the trial that in one instance the employer was liable and in the other that it was not. Indeed, one cause of action might be withdrawn from the consideration of the jury and the other permitted to remain, and so the plaintiff limited to a recovery only on one. Yet the facts of two injuries would be brought to the attention of the jury and might have some prejudicial effect. Legal propositions might arise in connection with the trial of one cause of action which would have no bearing on the other cause of action. Yet the defeated party would be entitled to appeal the entire case, while were the actions separated, such necessity might be avoided.

The court, therefore, is of the opinion that these causes of action are improperly joined and that the demurrer should be sustained.